IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FREDERICK PIGRAM, M04287,**

      **Plaintiff,**

v.

**ANTHONY WILLS,**
**L.T. BRIDGES,**
**L.T. BENNETTE,**
**SGT. HEPP,**
**ANGIE WALTERS,**
**JOHN DOE,**
**C/O JOHN DOE 1,**
**C/O JOHN DOE 2,**
**and C/O JOHN DOE 3,**

      **Defendants.**

Case No. 22-cv-02080-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Frederick Pigram, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Menard Correctional Center (Menard), filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff brings claims against officials at Menard who responded to his complaints about food contamination with deliberate indifference, in violation of his rights under the Eighth Amendment. (Doc. 9, pp. 1-13). He seeks monetary relief. *Id*. at 8.

The complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous, malicious, or meritless must be dismissed. 28 U.S.C. § 1915A(b). The Court construes the factual allegations of the *pro se* complaint liberally. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff sets forth the following allegations in the complaint (Doc. 9, pp. 4-7): While eating dinner on November 2, 2021, Plaintiff discovered parts of a dead mouse or rat in his food. *Id*. at 4. Realizing that he ingested portions of the rodent, Plaintiff summoned a gallery officer, C/O Mifflin, and showed him the remains. Mifflin admitted that he already knew about the issue and would notify a sergeant. Soon thereafter, Sergeant Hepp stopped by his cell and also stated that he knew about the food contamination. When Plaintiff requested a medical screening and crisis intervention, Hepp ignored his request.

Lieutenants Bennette and Bridges then made rounds to each cell impacted by the food contamination. By the time they reached Plaintiff's cell, the lieutenants confirmed that that they had enough information to "process the evidence." *Id*. They also assured Plaintiff that he would receive an interview and medical treatment from a med tech. He received neither.

Nurse Angie Walters arrived sometime later. Plaintiff reported stomach pains. He requested "something for the pain" and medical testing. *Id*. Nurse Walters denied his requests. Instead of offering medical care or crisis intervention, she laughed about the food contamination and assured Plaintiff that he had "nothing to worry about" because the rodent was "cooked." *Id*.

When two unknown correctional officers (John Doe 1 and 2) walked onto the gallery, Plaintiff again requested medical care and crisis intervention. *Id*. at 5. The officers laughed and said, "Good luck with that!" Plaintiff made the same request of a third unknown correctional officer (John Doe 3), who similarly denied his request for medical care and a crisis team.

Later that night, Plaintiff began having severe stomach pain. He developed diarrhea that lasted from November 2-5, 2021. *Id*. During this time period, Plaintiff declined breakfast, lunch, and dinner for fear of additional food poisoning from contamination. And, in spite of his illness and ongoing complaints, Plaintiff was denied medical care and crisis counseling.

On November 18, 2021, he filed an emergency grievance about the issue. Warden Anthony Wills initially deemed the grievance an emergency and forwarded it to Grievance Officer Jennifer Cowan. She reviewed the grievance, confirmed the food contamination, and then denied it on November 29, 2021. When Plaintiff appealed, the Administrative Review Board (ARB) Director also confirmed the food contamination that occurred on November 2, 2021. *Id*.

## Preliminary Dismissals

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as defendants: C/O Mifflin, Jennifer Cowan, and the ARB Director. The Court will not treat these individuals as defendants. FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"). All claims against them are considered dismissed without prejudice.

## Discussion

Turning to the allegations, the Court designates three counts in the *pro se* complaint:

**Count 1:** Eighth Amendment deliberate indifference claim against Defendants for subjecting Plaintiff to unsanitary conditions of confinement at Menard by serving food trays contaminated with rodent(s) on November 2, 2021.

**Count 2:** Eighth Amendment deliberate indifference claim against Defendants Hepp, Bennette, Bridges, Walters, and John Doe 1-3 for refusing Plaintiff's requests for medical care and/or crisis counseling after he ingested portions of a rodent and became ill on November 2, 2021.

**Count 3:** Eighth Amendment claim against Defendants for denying Plaintiff access to a nutritionally adequate diet for three days on November 2-5, 2021, by failing to address his ongoing complaints about food contamination while he was sick from ingesting a rodent on November 2, 2021.

**Any other claim that is mentioned in the complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Eighth Amendment prohibits cruel and unusual punishment of convicted persons. U.S. CONST., amend. VIII. Prison officials violate the Eighth Amendment when they respond with deliberate indifference to conditions that deny prisoners "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted). To proceed with an Eighth Amendment claim, Plaintiff must demonstrate that each defendant deprived him of "the minimal civilized measure of life's necessities," such as food, shelter, clothing, or medical care, knowing of and disregarding the risk of harm from that deprivation. *Owens v. Lamb, et al.*, 2023 WL 3674666, at *2 (7th Cir. May 26, 2023) (quoting *Farmer*, 511 U.S. at 834).

Plaintiff alleges that Defendants violated his Eighth Amendment rights by serving him rodent-infested food on November 2, 2021 (Count 1), denying him medical care and crisis counseling for his resulting illness (Count 2), and failing to ensure that he received a nutritionally adequate diet free from contamination from November 2-5, 2021 (Count 3). Counts 1 and 3 will receive further review against all defendants, except Warden Wills, because all individuals were involved in preparing or serving food known to be contaminated with rodents to Plaintiff on November 2, 2021 and taking inadequate steps to ensure Plaintiff's receipt of safe and nutritionally adequate food thereafter from November 2-5, 2021. Count 2 will receive further review against Defendants Hepp, Bennette, Bridges, Walters, and Does 1-3 for denying Plaintiff's requests for medical care and crisis counseling after he ingested a rodent and became ill on November 2, 2021.

Warden Wills shall be dismissed without prejudice from this action. To bring a claim under § 1983, the plaintiff must establish that he was deprived of a constitutionally protected right by a defendant who acted under color of state law. 42 U.S.C. § 1983; *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993). However, a high-ranking officer may not be held liable under § 1983 for the unconstitutional conduct of a subordinate because the doctrine of *respondeat superior* is inapplicable in this context. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Liability

requires personal involvement in or responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted). The warden had no personal involvement in the events described in the complaint, beyond reviewing the plaintiff's grievance(s) filed more than two weeks after the incident. He played no role in serving the rodent for dinner on November 2, 2021, denying medical care or crisis intervention at the plaintiff's request, or failing to ensure distribution of uncontaminated food from November 2-5, 2021. Standing alone, the warden's decision to grant or deny a grievance filed two weeks after the incident is not enough to articulate an Eighth Amendment deliberate indifference claim against the warden. *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013) ("McGee's claims against . . . the individuals who ruled against McGee on the institutional grievances he filed . . . fail as a matter of law. . . ."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (in cases involving completed acts of misconduct, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation"). All individual capacity claims against Warden Wills in Counts 1, 2, and 3 shall be dismissed without prejudice.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with the above-referenced claims against Kitchen Supervisor John Doe and C/O John Does 1-3. Plaintiff will have the opportunity to engage in limited discovery to ascertain their names. *Rodriguez*, 577 F.3d at 832. Warden Anthony Wills (official capacity only) will remain named as a defendant for purposes of identifying them with particularity. Once Plaintiff learns their names, he must file a motion to substitute each newly identified defendant for Kitchen Supervisor John Doe, C/O Doe 1, C/O Doe 2, and C/O Doe 3.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 2) is **DENIED without prejudice**. An indigent plaintiff seeking representation by court-recruited counsel must demonstrate:

(a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has not demonstrated efforts to find counsel or an inability to litigate this matter *pro se*. He may renew his request for an attorney if the case becomes too difficult to litigate *pro se*, after first contacting three attorneys or law firms to request representation. He should attach proof of his efforts, in the form of letters or other written communications sent to or received from these attorneys.

### Disposition

**IT IS ORDERED** that the complaint (Doc. 9) survives screening as follows:

- **COUNTS 1** and **3** will proceed against Defendants **L.T. BRIDGES, L.T. BENNETTE, SERGEANT HEPP, ANGIE WALTERS, Kitchen Supervisor JOHN DOE,** and **C/O JOHN DOE ##1-3**, in their individual capacities; and

- **COUNT 2** will proceed against **L.T. BRIDGES, L.T. BENNETTE, SERGEANT HEPP, ANGIE WALTERS,** and **C/O JOHN DOE ##1-3**, in their individual capacities.

**IT IS ORDERED** that **ALL INDIVIDUAL CAPACITY CLAIMS** against Defendant **ANTHONY WILLS** and **ALL OFFICIAL CAPACITY CLAIMS** against **ALL OTHER DEFENDANTS** are **DISMISSED** without prejudice for failure to state a claim.

**IT IS ORDERED** that Defendant **ANTHONY WILLS (official capacity only)** remains named as a defendant for purposes of identifying the unknown defendants, and he need only file a notice of appearance in lieu of an answer or other response to the complaint.

**IT IS ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 2) is **DENIED**.

The Clerk of Court shall prepare for Defendants **ANTHONY WILLS (official capacity only), L.T. BRIDGES, L.T. BENNETTE, SERGEANT HEPP, ANGIE WALTERS,** and, once identified, **Kitchen Supervisor JOHN DOE** and **C/O JOHN DOE ##1-3**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 9), and

this Memorandum and Order to each Defendant's place of employment. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **KITCHEN SUPERVISOR JOHN DOE, C/O JOHN DOE 1, C/O JOHN DOE 2,** or **C/O JOHN DOE 3** until Plaintiff identifies the individuals by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address of these individuals, and he is **WARNED** that failure to do so may result in their dismissal from this action.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 29, 2023**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. MCGLYNN** 
**United States District Judge**

## Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendant of your lawsuit and serve him or her with a copy of your complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your complaint. It will likely take at least **60 days** *from the date the defendant is served with this lawsuit* to receive the Defendant's Answers, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.