IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDRICK PIGRAM,** #M04287, | |
| Plaintiff, | Case No. 22-cv-02080-SPM |
| v. | |
| **ANTHONY WILLS,** *et al.*, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on various motions filed by pro se Plaintiff Frederick Pigram.

### I.   Motion to Compel (Doc. 30)

On October 30, 2023, after the Court entered the Initial Scheduling Order, Plaintiff filed a Motion to Compel Discovery asking the Court to order Defendants to respond to the information he provided on September 12, 2023, that would help in identifying the John Doe Defendants. (Doc. 30). Plaintiff provided Defendants with information on the identity of the Kitchen Supervisor John Doe, one of the John Does with whom he interacted with during second shift, and John Doe 3, a correctional officer with whom he interacted with during third shift.[1]

In response to the Motion to Compel, Defendants state that they did not receive Plaintiff's initial disclosures, which included information that would help identify the John Does until October 20, 2023. (Doc. 33). Since Plaintiff filed his Motion, Defendants have supplemented their

---

[1] Although Plaintiff changes the John Doe designations in his filings (Doc. 30, 40), the Court will continue to use the designations specified in the Merit Review Order and on the docket – Kitchen Supervisor John Doe, John Doe 1 and John Doe 2 (with whom Plaintiff spoke to during second shift), and John Doe 3 (a gallery officer with whom Plaintiff spoke to during third shift). (*See* Doc. 1, p. 4-5; Doc. 12).

Page 1 of 4

initial disclosures and responded to Plaintiff's request for information pertaining to the John Does on November 3, 2023. (Doc. 33). They were able to identify two of the four John Doe Defendants. Defendants argue that there is no need for the Court to require further disclosures, as they have already been made. The Court agrees that there is nothing further to compel, and the Motion to Compel Discovery filed by Plaintiff is **DENIED.** (Doc. 30).

    **II.**    **Motion for Further Steps (Doc. 34) and Motion for Leave to File Amended Complaint (Doc. 40)**

Defendants have provided Plaintiff with the names of two of the John Does. Plaintiff has filed a Motion for Leave to File an Amended Complaint and a proposed amended complaint substituting the specific names for these John Doe Defendants. (Doc. 40). To the extent Plaintiff is seeking to amend the complaint by interlineation, the Motion is **GRANTED.** Cody Mifflin is **SUBSTITUTED** for John Doe 2 and Gage Martin is **SUBSTITUTED** for John Doe 3. The Clerk of Court is **DIRECTED** to serve process on Mifflin and Gage in accordance with the Court's Order at Doc. 12.

The proposed amended complaint, however, is not in accordance with the Court's instructions or local rules.[2] (*See* Doc. 27, p. 4). Therefore, to the extent Plaintiff is seeking to fully amend his Complaint, the Motion is **DENIED**, and the proposed amended complaint will not be filed separately on the docket.

This leaves Kitchen Supervisor John Doe and John Doe 1 unidentified. As for John Doe 1, Plaintiff has not made any attempts whatsoever to identify this individual. He has not provided

---

[2] The proposed amended complaint seeks to modify only the paragraphs that involve the John Does. It does not stand on its own and contain all claims against all parties. For example, there are no allegations against Nurse Angie Walters, and if the Court were to accept the proposed amended complaint, then Plaintiff's existing claims against Walters would be dismissed. The Court assumes that this is not Plaintiff's intention. The proposed amended complaint also does not comply with the formatting requirements of Local Rule 15.1, which provides that "[a]ll new material in an amended pleading must be underlined." SDIL-LR 15.1. Plaintiff was advised that failure to comply with this requirement would result in rejection for the proposed amended complaint.

information that would assist in the identification of John Doe 1, filed a motion to substitute, or moved to amend the complaint to identify John Doe 1 by the deadlines set by the Court. (*See* Doc. 27). Plaintiff was advised that failure to file a motion to substitute or provide additional steps that could be taken to identify an unknown defendant would result in dismissal. Thus, John Doe 1 is dismissed without prejudice.

As for the Kitchen Supervisor John Doe, Plaintiff states that this person worked as the kitchen supervisor during second shift on November 2, 2021, at 3:30 p.m. (Doc. 30, p. 2). In response to Plaintiff's initial disclosures and production requests, Defendants state that they are unable to identify this individual because the kitchen shift records are only kept for a year. (Doc. 33-2, p. 5). Plaintiff then filed a Motion for Further Steps, providing for additional steps that could be taken in identifying this defendant. (Doc. 34). He provides that Internal Affairs and Grievance Officer Jennifer Cowen investigated the incident on November 2, 2021, and the investigative reports and notes would contain the name of the kitchen supervisor that day. Plaintiff also offers that the "roll call assign sheet" would identify the name of the person assigned to the kitchen supervisor position on November 2, 2021.

In response, Defendants have provided a copy of the incident report relating to the events of November 2, 2021. (Doc. 35). The report does not identify the name of the kitchen supervisor on that date. Neither do the grievance records, which were produced to Plaintiff during initial disclosures, provide information on the identity of the kitchen supervisor. Defendants state that, as Plaintiff was previously informed, the "roll call assign sheet" is not available, as the kitchen shift records are only kept for one year. Plaintiff has not filed a reply brief, requested additional discovery, specified additional steps that could be taken to identify the Kitchen Supervisor John Doe, or moved for an extension of time. The Court will, however, extend the time for Plaintiff to file a proper motion to substitute a specific defendant for Kitchen Supervisor John Doe to **June 4,**

**2024.** Failure to file a proper motion to substitute by this date will result in the dismissal of the Kitchen Supervisor John Doe without prejudice. Because Defendants adequately responded to Plaintiff's Motion for Further Steps (Doc. 34, 35), the Motion is **TERMINATED as moot.**

### III.     Motion for Extension of Time and Motion to Strike (Doc. 41, 43)

The Court **GRANTS** the Motion to Strike filed by Plaintiff. (Doc. 43). Plaintiff's Response to the Motion for Partial Summary Judgment filed on February 8, 2024, is **STRICKEN**. (Doc. 42). Plaintiff's Response filed on February 27, 2024, is **DEEMED** timely filed. (Doc. 44). The Motion for Extension of Time is **DEEMED moo**t. (Doc. 41).

**IT IS SO ORDERED.**

**DATED:   May 14, 2024**

 _s/Stephen P. McGlynn_  
**STEPHEN P. MCGLYNN**  
**United States District Judge**