IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FREDERICK PIGRAM,**

        **Plaintiff,**

v.

        **Case No. 22-cv-02080-SPM**

**KALIN BRIDGES,** *et al.*,

        **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion to Dismiss Defendants Martin and Mifflin and a Motion for Entry of Default[1] filed by pro se Plaintiff Frederick Pigram. (Doc. 67, 68).

### I.      Motion to Dismiss (Doc. 67)

On September 11, 2024, Defendants Martin and Mifflin filed a Motion for Partial Summary Judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit against them. (Doc. 65). In response, on September 25, 2024, Plaintiff filed the Motion to Dismiss stating that in response to the Motion for Partial Summary Judgment he would like to dismiss Defendants Martin and Mifflin without prejudice. (Doc. 67). Defendants did not respond to the motion.

Generally, the avenue for voluntarily dismissing some but not all parties or claims is to file an amended complaint. *See Taylor v. Brown,* 787 F. 3d 851, 858 (7th Cir. 2015) (noting that Rule 41(a) "was not the proper vehicle" for dismissing a claim against a single defendant; rather, the

---

[1] The Court grants the Motion to Correct the Motion for Entry of Default filed by Plaintiff to the extent he seeks to amend the statement that he "e-mailed" discovery requests to Defendants to state that he "e-filed" discovery requests. (Doc. 71).

court "should have offered [the plaintiff] the opportunity to amend his pleadings under Rule 15(a)"). However, in this case, for the sake of judicial economy and as the motion is unopposed, the Court will grant Plaintiff's motion to dismiss Defendants Martin and Mifflin without prejudice. *See, e.g.*, 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362 (4th ed.) ("The power to drop some plaintiffs or defendants from the suit plainly exists, either explicitly in the Federal Rules or in the district court's inherent power."). The Motion for Partial Summary Judgment filed by Defendants Martin and Mifflin is therefore **DENIED as moot.** (Doc. 65).

## II.    Motion for Entry of Default (Doc. 68)

Plaintiff asks the Court to enter default judgment against Defendants because they have not responded to his discovery requests "e-filed" on May 28, 2024. (Doc. 68, 71). In response, Defendants state that they have not received the discover requests from Plaintiff. (Doc. 70).

The Motion for Entry of Default is **DENIED**. In the Initial Scheduling and Discovery Order, Plaintiff was instructed that discovery information should be produced "directly to Defendants" and not filed with Court. (Doc. 27, p. 2). On May 28, 2024, after Plaintiff attempted to file interrogatories and requests for production of documents with the Court, he was informed that such documents would "not be filed as it would violate this Court's Local Rule 26.1(b). No discovery materials shall be filed." (Doc. 54). Thus, Plaintiff did not properly serve his discovery requests on Defendants. The Court further notes that Plaintiff has not demonstrated a good faith effort to resolve the discovery issue with Defendants directly prior to involving the Court, as is required under the Federal Rules of Civil Procedure before seeking discovery sanctions. *See* FED. R. CIV. P. 37(d)(1)(B).

## DISPOSITION

For the reasons stated above, the Motion to Dismiss Defendants Martin and Mifflin filed

by Plaintiff is **GRANTED.** (Doc. 67). All claims against Martin and Mifflin are **DISMISSED**

**without prejudice**. The Clerk of Court is **DIRECTED** to terminate them as parties. The Motion

for Summary Judgment filed by Defendants Martin and Mifflin is **DENIED as moot.** (Doc. 65).

The Motion to Correct filed by Plaintiff is **GRANTED**. (Doc. 71). The Motion for Entry of Default

filed by Plaintiff is **DENIED.** (Doc. 68).

**IT IS SO ORDERED.**

**DATED:   October 25, 2024**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**