IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK PIGRAM,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ANTHONY WILLS,** *et al.*,<br><br>**Defendants.** | Case No. 22-CV-02080-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion for Reconsideration of the Court's Order filed by *pro se* Plaintiff Frederick Pigram. (Doc. 85). Having fully considered the issues presented, the Motion is **DENIED**.

Plaintiff Pigram is an inmate currently incarcerated at Pontiac Correctional Center who brought claims pursuant to 42 U.S.C. § 1983 on September 6, 2022, for violations of his constitutional rights that occurred while he was incarcerated at Menard Correctional Center. (*See* Doc. 1). On October 25, 2024, this Court issued a Scheduling and Discovery Order for the parties governing discovery on the merits of Pigram's claims. (Doc. 74). The Court's Scheduling and Discovery Order stated, in relevant part, that "[e]ach party is limited to serving 15 interrogatories, 15 requests for production of documents, and 10 requests for admission," which may be increased upon motion and a showing of good cause. (*Id.*). Further, the Order requires that any discovery requests "shall be served so as to allow the answering party the full thirty-day period provided by the Federal Rules of Civil Procedure in which to respond."

(*Id.*). The Court ordered all discovery to be completed by August 25, 2025, and for dispositive and *Daubert* motions to be filed by September 25, 2025. (*Id.*).

On June 12, 2025, Pigram filed a Motion to Compel Discovery with the Court, stating that, after not having received discovery responses from Defendants within 30 days, he wrote a letter to Defendants' Counsel on April 29, 2025, seeking the overdue discovery. (Doc. 75). Further, Pigram stated that the responses he did receive from Defendants on May 14, 2025, were insufficient. (*Id.*). On June 23, 2025, this Court denied Pigram's Motion on the basis that he failed to certify to the Court that prior to filing his Motion, he had made a good faith effort to resolve the discovery dispute with Defendants, as required by the Federal Rules of Civil Procedure, this Court's Local Rules, and case law from this District. (Doc. 77).

On August 22, 2025, Plaintiff Pigram filed a Motion for Extension of Time to Complete Discovery with this Court. (Doc. 79). Pigram stated that he mailed Interrogatories and Requests for Production of Documents to Defendants on August 5, 2025, from his new address at Pontiac Correctional Center, and that he was seeking an extension of the discovery deadline by 45 days to permit Defendants adequate time to respond. (*Id.*). The Court granted the Motion on September 2, 2025, ordering that the new deadline for discovery was October 17, 2025, and the new deadline for dispositive and *Daubert* motions was November 18, 2025. (Doc. 82).

On October 30, 2025, Defendants filed a Motion for Protective Order. (Doc. 83). Defendants stated that, on September 30, 2025, with fewer than 30 days before the date of close of discovery, Plaintiff served 11 Requests for Admission each on

Defendants Hepp, Bennett, and Bridges, and 10 Requests for Admission on Defendant Walters. (*Id.*). Defendants requested an Order from the Court stating they were not required to respond to Plaintiffs' discovery requests because they were too numerous per the Court's Scheduling and Discovery Order and were additionally served with too little time left to respond before the close of discovery. (*Id.*). On November 10, 2025, this Court granted Defendants' Motion. (Doc. 84). Defendants then filed a timely Motion for Summary Judgment on Plaintiff's claims on November 18, 2025, which this Court has not yet adjudicated. (Doc. 86).

Additionally, on November 18, 2025, Plaintiff Pigram filed the instant Motion for Reconsideration. (Doc. 86). Pigram states, and this Court indeed acknowledges, that the Court granted Defendants' Motion for Protective Order before the 14-day deadline that Pigram had to respond in opposition to the Motion. (*Id.*, p. 6). Pigram argues that this Court should reverse its decision and require Defendants to respond to his Requests for Admission. (*See id.*). He states that counsel for Defendants has committed unprofessional misconduct during the discovery process, confusing Plaintiff about where to send his discovery requests and causing delays in responding to discovery. (*See id.*). Defendants oppose the Motion, stating that Plaintiff has failed to demonstrate a manifest error of law or present new evidence that would justify this Court in granting a motion for reconsideration pursuant to Seventh Circuit precedent. (Doc. 89, p. 1 (citing *Caisse National de Credit Agricole v. CBI Indus. Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). Further, Defendants state they have produced a total of nearly 800 pages of documents in response to Plaintiff's numerous prior

discovery requests and have "diligently fulfilled their discovery responsibilities." (*Id.*, p. 2).

Motions for reconsideration serve a limited function, namely, to correct manifest error of law or to present newly discovered evidence. *Caisse*, 90 F.3d at 1269 (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1981)); *see also* FED. R. CIV. P. 60(b). Here, the Court finds that Pigram's Motion for Consideration neither demonstrates a manifest error of law on behalf of this Court nor presents new evidence that warrants this Court's decision to grant Defendants' Motion for Protective Order. District courts have broad discretion to resolve discovery matters, *see Packman v. Tribune Co.*, 267 F.3d at 628, 646 (7th Cir. 2001), and this Court finds that it acted reasonably in applying the clear orders established by the Court's Scheduling and Discovery Order. The Court's limit on the amount of discovery requests permitted by each party serves to reasonably curtail discovery while permitting parties to exceed those limits by a showing of good cause. (*See* Doc. 74). Pigram's service of a total of 43 Requests for Admission on Defendants, with 11 served individually on three Defendants and 10 served on the fourth Defendant, exceeds the maximum permitted under the Court's Order, and Pigram had not requested permission to exceed that limit.[1] (*See* Doc. 83).

Moreover, it is clear that Pigram served his Requests for Admission on

---

[1] Even liberally construing the Court's Scheduling and Discovery Order to mean that Plaintiff was permitted 10 Requests for Admission *per Defendant*, which this Court does not definitively conclude is a proper reading of its Order, and therefore concluding that Plaintiff's 10 Requests for Admission served on Defendant Walters, his Requests were still untimely, as discussed below in this Order.

September 30, 2025, which provided less than 30 days for Defendants to respond as required by this Court's Scheduling and Discovery Order. (*See id.*, Ex. 1). Plaintiff has demonstrated his clear understanding of this rule previously: on August 22, 2025, aware of the close of discovery approaching in three days, he moved for an extension of time to complete discovery such that Defendants would have sufficient time to respond to his discovery requests. (Doc. 80). Here, Pigram made no such motion to request any additional time to complete discovery. The Court acknowledges Pigram's argument that he has based his trial preparation on the Requests for Admission he submitted and that he will be prejudiced if his Motion is denied because, he asserts, Defendants have refused to turn over any discovery. (Doc. 85, p. 5). This Court, as always, desires to give the opportunity for both sides to fully present their case. However, Defendants have demonstrated by their Response that they have indeed provided discovery to Plaintiff. (*See* Doc. 89). Moreover, this Court must consider judicial economy when considering the deadlines it imposes. Accordingly, this Court finds that Plaintiff Pigram has failed to sufficiently demonstrate good cause for this Court to reconsider its Order granting Defendants' Motion for Protective Order, and therefore denies the motion.

The stay on Plaintiff's response to Defendants' Motion for Summary Judgment is lifted. Additionally, on December 4, 2025, Plaintiff Pigram filed a Notice with this Court expressing that, as of the date his Motion was written, on December 2, 2025, he had not yet received a copy of Defendants' Motion for Summary Judgment. (Doc. 90). Out of an abundance of caution, this Court orders that Plaintiff Pigram shall file

his response to Defendants' Motion for Summary Judgment by no later than January 26, 2026. This Court notes that should Plaintiff experience further delay in the receipt of his mail, he may seek an extension of time to respond from this Court and demonstrate good cause for an extension.

## CONCLUSION

In light of the foregoing, Plaintiff's Motion for Reconsideration (Doc. 85) is **DENIED**. The stay on Plaintiff's deadline to respond to Defendants' Motion for Summary Judgment (Doc. 86) is hereby **LIFTED**, and Plaintiff shall file his Response to the Motion by no later than January 26, 2026.

**IT IS SO ORDERED.**

**DATED: December 12, 2025**

s/ <i>Stephen P. McGlynn</i><br>
<b>STEPHEN P. McGLYNN</b><br>
<b>U.S. District Judge</b>